No. 35,199

Atlas Acceptance Corporation, *Appellant,* v. Roy Spurgeon, *Appellee.*

(118 P. 2d 535)

Opinion filed November 8, 1941.

*Leonard O. Thomas,* of Kansas City, and *Edward M. Tracewell,* of Kansas City, Mo., for the appellant.

*Paul H. Ditzen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover the difference between the amount of the note given for the payment of a Plymouth automobile and the amount for which the automobile was sold when it was repossessed on account of a default in the payment of the note. Judgment was for the defendant. Plaintiff appeals.

The petition alleged that defendant executed his negotiable note to a motor company in the amount of $469.92; that at the same time he executed a chattel mortgage on a Plymouth car to secure the payment of this note; that before the maturity of the note the note and mortgage were sold to plaintiff by the motor company for a valuable consideration; that the chattel mortgage had been foreclosed and the security sold at public sale and the net proceeds of the sale applied to the payment of the note and that there was due the plaintiff $105.07 principal and interest, for which judgment was prayed.

The answer admitted the execution of the note. It denied that defendant owed any money upon it. The answer also alleged that the note was transferred to plaintiff by the motor company without

recourse; that the plaintiff was not an innocent purchaser for value; that the plaintiff knew that the balance due upon the purchase price of the Plymouth for which the note was given was $331.50; that—

"There were charges placed upon said note for insurance and other purposes which this defendant is unable to set out, in the sum of $136.42."

The answer further alleged that when the Plymouth was sold for $240 the plaintiff attempted to charge defendant usury and more than ten percent interest; that about the month of March, 1938, the defendant voluntarily surrendered the Plymouth to the plaintiff with an agreement in writing which the defendant did not have in his possession, stating that the plaintiff would give him fourteen days within which to find a buyer for his car; that it was sold in disregard of this agreement within the fourteen days although this defendant furnished a buyer within fourteen days.

At the close of the evidence of both parties the plaintiff filed a motion for a directed verdict in its favor. This motion was over-ruled by the trial court and the case submitted to the jury. The jury answered special questions, which are not of interest to us here, and returned a general verdict for the defendant.

The plaintiff filed a motion for a new trial and also a motion for judgment on the answer to the special questions and to set aside certain answers. These motions were all overruled by the trial court—hence this appeal.

At the outset of the trial of the case the defense made by the defendant was that the note sued on was usurious—hence, could not be collected. The statute upon which defendant based this defense was G. S. 1935, 41-103. It reads as follows:

"All payments of money or property made by way of usurious interest, or of inducement to contract for more than ten percent per annum, whether made in advance or not, shall be deemed and taken to be payment made on account of the principal and ten percent interest per annum, and the courts shall render judgment for no greater sum than the balance found due after deducting the payments of money or property made as aforesaid: *Provided,* That no bona fide endorsee of negotiable paper purchased before due shall be affected by any usury exacted by any former holder of such paper unless he shall have actual notice of the usury previous to his purchase. But double the amount of such excess incorporated into negotiable paper may in such cases, after payment, be recovered back by action against the party originally exacting the usury, in any court of competent jurisdiction: *Provided, further,* That such action shall be brought within ninety days from the maturity of such paper."

Attention is called to the proviso:

"*Provided,* That no bona fide endorsee of negotiable paper purchased before due shall be affected by any usury exacted by any former holder of such paper unless he shall have actual notice of the usury previous to his purchase."

It will be seen that in order for defendant to be able to avail himself of the defense that this note was usurious he had the burden of proving there was usury in the note and also that the finance company had actual notice of this usury previous to his purchase of the note. The holder of a negotiable note is presumed to be a holder in due course. (See G. S. 1935, 52-509.)

We shall examine this record with the idea of seeing how well the defendant sustained the burden as to the usury. In the first place, it is clear that the purchase price of the car was $431.50 and that defendant traded in his old car for $100, which left a purchase price of $331.50. We get that from the bill of sale, about which there is no dispute. It is perfectly clear that the note was for $469.92. This makes a difference between the purchase price of the car and the amount of the note of $138.42. Our question is whether or not the latter amount represents interest or some other charge. The note provided as to the payments, as follows:

"For value received I (or we) promise to pay to the order of O. D. Moffett Motor Co., four hundred sixty-nine dollars and 92/100 dollars. . . . $19.58 on the 24th day of August, 1937, and $19.58 on the 24th day of each succeeding month thereafter until the entire sum is paid together with interest thereon at the rate of eight percent per annum from date; but all installments paid on or before maturity may be paid without interest.

"The interest on each installment and the interest on the unpaid balance of the principal sum are to be paid at the maturity of each installment."

It will be noted that the above provided for eight percent interest per annum for 24 monthly payments and that the total amount of interest was calculated in each monthly installment. How much interest this would amount to in 24 months is a matter of calculation. In the answer of the defendant he calculated the difference between the purchase price of the car and the amount of the note to be $136.42. He alleged that amount was charges placed upon the note for insurance and other purposes. His pleading was not definite as to how much of that sum was interest, and it contained an admission that there were some charges other than interest included in that sum. We are unable to find any evidence in this record that would warrant the submission to the jury of the question of whether any more of that amount was interest than the eight per-

cent provided for in the note. The burden was upon the maker of the note to prove this.

The trial court evidently had the same impression that this court has, because when the motion for a directed verdict was being argued the court stated:

"Well, I think there is a question to be determined as to whether or not this extra charge over the purchase price was intended by the parties as interest, or what it was intended to be. Nobody has testified on the subject at all. If the jury finds that was interest—part of the charge interest—it is up to the jury to determine whether or not it was usurious or above the legal rate."

There is no evidence as to how much of it was interest. The question of whether or not the interest was more than ten percent is pure conjecture as far as the trial court and the jury. and this court are concerned. We have concluded, therefore, that the motion of the plaintiff for an instructed verdict should have been sustained.

The defense pleaded in the answer that the plaintiff gave defendant a written contract that he would have two weeks in which to find a buyer for his car is not dealt with in this opinion because the court instructed the jury that such a defense was not good and no appeal was taken from that ruling by defendant.

The judgment of the trial court is reversed with directions to enter judgment for the plaintiff.